**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **§** | |
| | **§** | |
| **FIRED UP, INC.** | **§** | **CASE NO. 16-10816-tmd** |
| | **§** | **(CHAPTER 11)** |
| **DEBTOR.** | **§** | |

# TRAVELERS'S OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO AUTHORIZE SETOFF AND FOR TURNOVER OF PROPERTY OF THE ESTATE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Travelers files this Objection and Response to Fired Up, Inc., Debtor and Debtor-in-Possession ("Debtor's") Motion to Authorize Setoff and For Turnover of Property of the Estate ("Motion"), and in support thereof would show as follows:

## I. SUMMARY OF ARGUMENT

1. Debtor's motion misperceives the nature of a letter of credit, which is not the property of the debtor's estate. Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain what is acknowledged to be property of the bankruptcy estate. The property made the basis of Debtor's Motion is an irrevocable letter of credit and the cash bank account securing it. Necessarily involved in letter of credit transactions are three separate contractual relationships: 1) the Debtor and its customer/insurer, 2) the Bank and the Debtor 3) the Bank issuer and the beneficiary of the letter of credit. Each of these three contractual relationships are independent of the other and are necessary to support the letter of credit, much like the legs of a tripod. The Fifth Circuit has vigorously defended the independence of these contracts under the "independence principle," holding that a letter of credit is not property of the Debtor's estate, but rather the bank distributes its own property in honoring a letter of credit. *See In re Stonebridge Techs., Inc.*, 430 F.3d 260, 269 (5th Cir. 2005). Thus, the Prosperity Bank irrevocable letter of credit (and its

proceeds) is not property of the Debtor's estate and the court lacks subject matter jurisdiction to disturb or interfere in the relationship between Prosperity Bank and Travelers as to the letter of credit.

2. As to the insurance contracts the Debtor has with Travelers, the Debtor cannot obtain a turnover of claims that are disputed and unliquidated. Debtor asks the court to "liquidate its obligations to Travelers and obtain a release of the excess funds on deposit." Such relief under §542 is an inappropriate as the Debtor may not use a turnover action to circumvent its contractual obligations to Travelers with regard to its insurance program and to recover that to which it has not yet established as an undisputed, liquidated claim. Lastly, as to the Debtor's security agreement with Prosperity Bank (a secured creditor) concerning the bank account that is collateral for the letter of credit, such request for Turnover is not properly directed to Travelers. However, out of an abundance of caution, Travelers objects as the court lacks subject matter jurisdiction to terminate the letter of credit under the independence principle and thus, under §363 there must be provision for the adequate protection of Prosperity Bank should the collateral be released. There is no such provision provided by the Debtors here. Consequently Debtor's Motion seeking to liquidate: 1) the letter of credit, 2) the collateral securing the letter of credit and 3) the Debtor's obligations thereunder, should be in all things DENIED.

## II. FACTS

3. Debtor Fired Up, Inc. formerly operated a casual dining chain, Johnny Carino's Italian Kitchen, in several states, including Texas. In July of 2016, Debtor filed for protection under Chapter 11 of the Bankruptcy Code.

4. Travelers issued to Fired Up, Inc. certain liability and workers' compensation insurance from 2007 through 2015 ("the Policies"). Certain of these policies are loss sensitive so that

premium and loss reimbursement payments reflect in part the actual loss experience of the Debtor. Actual premiums and loss reimbursements are determined by losses and expenses. More specifically, certain policies have retrospective premium obligations and deductible reimbursement obligations ranging from $100,000 for workers' compensation claims and $50,000 for general liability claims. The Debtors and Travelers entered into corresponding contracts ("Insurance Program Agreement") which together with the Policies ("the Insurance Program") prescribe the financial obligations of the Debtors to Travelers with respect to the loss sensitive insurance policies.

5. To secure amounts due pursuant to these loss sensitive features of the Insurance Program, the Debtor obtained Irrevocable Letter of Credit No. 1634 opened on August 10, 2014 for the account of Debtor, Fired Up and maintained a bank account to secure the Line of Credit at that time ("Letter of Credit"). In the most recent Insurance Program Agreement (attached as an exhibit) Debtor agreed to provide a Letter of Credit in the amount of $467,000. Travelers subsequently agreed to reduce the Letter of Credit to $250,000. The bank account ending in 0522 at Prosperity Bank remains in the amount of $250,000.00. The Letter of Credit is irrevocable and has an expiration date of August 18, 2099.

6. Debtor alleges that Travelers has outstanding invoices due to Travelers totaling $124,052 as of December of 2017, however, the amounts due are continuing to accrue and are unliquidated. Pursuant to the Insurance Program Agreement, invoices are generated monthly as well as annually. See Exhibit A.

## III. DISCUSSION

### A. Standard of Review

7. The bankruptcy court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error. *Nichols v. Birdsell*, 491 F.3d 987, 989 (9th Cir.2007). Whether

property is included in a bankruptcy estate and the procedures for recovering estate property are questions of law that are reviewed de novo. *White v. Brown* (In re White), 389 B.R. 693, 698 (9th Cir.BAP2008). A bankruptcy court's ruling to turnover property under its equitable powers is reviewed under the abuse of discretion standard. *McKinney v. Gannett Co.*, 817 F.2d 659, 670 (10th Cir.1987); *In re Mushroom Transp. Co.*, 382 F.3d 325, 337 (3d Cir.2004); *Walker v. Weese*, 286 B.R. 294, 299 (D.Md.2002) ("[c]ommanding turnover is at the very root of the bankruptcy court's equitable powers."); *In re Massenburg*, 554 B.R. 769, 773 (D. Md. 2016) ("Whether the bankruptcy court appropriately balanced the equities in ruling on a Motion to Turnover is reviewed on appeal for abuse of discretion.").

**B. The Letter of Credit Is Not Property of the Estate and Therefore the Court Lacks Jurisdiction to Release It.**

8. District courts have jurisdiction over bankruptcy cases, and they may refer cases at their discretion to bankruptcy courts. 28 U.S.C. § 1334 (district court jurisdiction); 28 U.S.C. § 157 (bankruptcy court jurisdiction). The jurisdictional grant to the bankruptcy court is divided into "core" and "non-core" proceedings. Core proceedings arise under title 11 or arise in a case under title 11. 28 U.S.C. § 157(b). Although Bankruptcy judges may enter all appropriate orders and judgments in core proceedings, it is well understood that the Bankruptcy Court has jurisdiction only over assets of the bankruptcy estate. Section 541 of Title 11 defines "[p]roperty of the estate" which is comprised of all the following property, wherever located and by whomever held: . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a) (emphasis added).

9. In its Motion, Debtor seeks relief asking the court to "[r]elease the letter of credit. . .," to which Travelers is the beneficiary. Motion at 3, ¶ 11(b). However, it is well-established in the Fifth Circuit that letters of credit and the proceeds therefrom are not property of the debtor's

bankruptcy estate under 11 U.S.C. § 541. *In re Stonebridge Technologies, Inc.*, 430 F.3d 260 (5th Cir. 2005); *Kellogg v. Blue Quail Energy, Inc*. (In re Compton Corp.), 831 F.2d 586, 589 (5th Cir.1987). Other jurisdictions also agree. *See Willis v. Celotex Corp*., 978 F.2d 146, 148 n. 3 (4th Cir. 1992); *In re Oakwood Homes Corp.*, 342 B.R. 59 (Bankr. D. Del. 2006); *In re Spring Ford Indus., Inc*., 338 B.R. 255 (E.D. Pa. 2006); *In re W.L. Mead, Inc.*, 42 B.R. 57 (Bankr. Ohio 1984); *In re Leisure Dynamics, Inc*., 33 B.R. 171 (Bankr. Minn. 1983); *In re North Shore & Central Illinois Freight Co.*, 30 B.R. 377 (Bankr. N.D. Ill. 1983); *In re M.J. Sales & Distributing Co.*, 25 B.R. 608 (Bankr. S.D.N.Y. 1982); *In re Zenith Laboratories, Inc.*, 104 B.R. 667 (Bankr. D.N.J. 1989).

10. A letter of credit is defined as "an engagement by an issuer, usually a bank, made at the request of a customer for a fee, to honor a beneficiary's drafts or other demands for payment upon satisfaction of the conditions set forth in the letter of credit." *Tudor Dev. Group, Inc. v. United States Fid. & Guar. Co.*, 968 F.2d 357, 360 (3rd Cir. 1992). The Letter of Credit in this case arises from a relationship of involving three separate contracts: 1) **The Debtor's contract with Travelers** (concerning the workers compensation and liability policies), 2) **The Debtor's contract with Prosperity Bank** (concerning the collateral), and 3) **Prosperity Bank's contract with Travelers** (concerning the Letter of Credit as beneficiary thereof). *See In re Stonebridge Techs., Inc.*, 430 F.3d 260, 269 (5th Cir. 2005). "The relationship between each pair of parties involved in a letter of credit transaction is entirely independent, although each relationship is necessary to support a letter of credit, somewhat like the three legs of a tripod." *Id.; P.A. Bergner & Co. v. Bank One, N.A.* (In re P.A. Bergner & Co.), 140 F.3d 1111, 1114 (7th Cir. 1998), cert. denied 525 U.S. 964 (1998). The independent nature of each of the three contracts involved in a letter of credit transaction is known as the "independence principle," and this principle seeks to

preserve the viability of letters of credit, whose commercial purpose is to allow the beneficiary to draw on the letter of credit before obtaining a judgment. *In re Stonebridge Techs., Inc.*, 430 F.3d at 269; *Tudor Dev. Group*, 968 F.2d at 360. Strict adherence to this principle "is necessary to protect the integrity of letters of credit as a valuable commercial tool." *In re Prime Motor Inns, Inc.*, 130 B.R. 610, 613 (S.D. Fla. 1991); *In re War Eagle Const. Co., Inc.*, 283 B.R. 193 (S.D. W.Va. 2002).

11. In light of the fact that each of the three relationships is independent, the established rule that a letter of credit and the proceeds therefrom are not property of the debtor's estate has been uniformly recognized by the Courts. *In re Compton Corp.*, 831 F.2d 586, 589 (5th Cir. 1987). Under the independence principle, letters of credit and their proceeds are not part of the bankruptcy estate because the issuing bank on the letter of credit distributes its own assets and not the assets of the debtor/customer who caused the letter of credit to be issued. *See In re Metro Communications, Inc.*, 115 B.R. 849, 854 (Bankr. W.D. Pa. 1990) (emphasis added). Consequently, Travelers may lawfully draw upon the Letter of Credit for payment at any time now or in the future without necessity of Debtor's motion. Most importantly, Travelers cannot be compelled to liquidate or offset its claims as requested by debtor in its Motion. The proceeds of the letter of credit are not property of the estate and therefore, the court does not have the jurisdiction to grant the relief requested by the Debtor. *In re Prime Motor Inns, Inc.*, 130 B.R. 610, 613 (S.D. Fla. 1991) (28 U.S.C. §§ 1334 and 157 confer jurisdiction only with regard to contracts or affairs of the Debtors and not to contracts or disputes between third parties); *Hechinger Inv. Co. of Del., Inc. v. Allfirst Bank* (*In re Hechinger Inv. Co. of Del., Inc.*), 282 B.R. 149, 161 (Bankr. D. Del. 2002) Debtors motion should therefore be denied.

**C. Amounts Due Pursuant to the Insurance Program are Disputed and Unliquidated**

12. Simultaneously with its request for an order to "release the letter of credit," which the court does not have jurisdiction to do, Debtor seeks an order "directing Travelers to set off the Debtor's remaining obligations against the letter of credit and /or collateral." Again, this court does not have subject matter jurisdiction as to Travelers contract with Prosperity in relations to the Letter of Credit and thus, cannot make such an order. To the extent this request is aimed at the Insurance Program Travelers has with the Debtor and, specifically, Debtors' policies of insurance providing coverage for claims of potential third parties, the amounts due claims are disputed as to amount and are unliquidated at this time. The Debtor admits in its Motion that the claims under the Policies are unliquidated and relies on statute of limitations arguments for its completely speculative (and meritless) assertion that all claims under the Policies have been presented. Motion at 2, ¶5.

13. In this regard, Debtor asks this court to presume that because of the purported expiration of the two year statute of limitations applicable to personal injury claims (totally ignoring liability for other types of claims subject to the 4 year statute of limitations or liability to minors who claims do not expire until they reach maturity), there could be no more claims under the policies of insurance. *Id.* at ¶7. Further, Debtor vaguely references its entitlement to the "excess funds on deposit." *Id.* at ¶10. Because there the amounts due under the Insurance Program are unliquidated, there is no "excess." Moreover, the Insurance Program Agreement specifically provides that the "Letter of Credit will be used to assure payment and performance of your Obligations to us. You shall be obligated to maintain a Letter of Credit which meets all the requirements prescribed herein until we determine all of your Obligation to us are final or until we, in our sole discretion, decide that we no longer need the Collateral." See Exhibit A (Affidavit of Julie Ann Peryga and Letter Agreements) Moreover, on page 18-19 of the Insurance Program

Agreement, Debtor agreed that if it failed to pay bills on time, such is a default entitling Travelers to the full Letter of Credit. *Id.*

14. The Debtor may not use a turnover action to "circumvent" its contractual obligations pursuant to the Travelers Insurance Program and "recover that to which [it] has not yet established [as] an undisputed, liquidated claim." *In re Hechinger Inv. Co. of Delaware, Inc.*, 282 B.R. 149, 162 (Bankr. D. Del. 2002); *see, e.g., U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1472 (D.C.Cir.1991); *In re Charter Co*., 913 F.2d 1575, 1579 (11th Cir.1990); *Weiner's, Inc. v. T.G. & Y. Stores Co.*, 191 B.R. 30, 32 (S.D.N.Y.1996); *In re Asousa P'ship.*, 264 B.R. at 384 ("[Turnover under § 542] cannot be used to determine the rights of parties in legitimate contract disputes."); *In re N. Parent, Inc.*, 221 B.R. 609, 626 (Bankr. D. Mass.1998). "The fact that Debtor may have equitable interests in certain excess proceeds of the Prosperity Bank account which is property of the estate, does not alter the result." *Hechinger*, 282 B.R. at 161. In the instant matter, it is clear from the allegations in the Debtor's Motion that Debtor's request to set off its liability under the policies with the Letter of Credit and the collateral at Prosperity Bank remains both disputed and unliquidated. *In re Villarreal*, No. 06-70358, 2007 WL 470507, at *3 (Bankr. S.D. Tex. Feb. 8, 2007). Thus, Debtor's request for relief in this regard should be denied.

**D. Cash Account is Secured Collateral of Prosperity Bank and the Request for Turnover is Not Properly Directed at Travelers in this Regard.**

15. By requesting the entire letter of credit relationship be dissolved, Debtor is seeking the termination of all three necessary contracts that are vital to the letter of credit. Specifically, Debtor seeks release of the "underlying collateral (cash account) once such funds have been set off." Motion at 3, ¶10 and 11(b). This Request is not properly directed to Travelers as Travelers is not a party to the cash collateral agreement of Debtor with Prosperity Bank that secures the

Letter of Credit to which Travelers is the beneficiary. However, Travelers raises the following objections and argument out of an abundance of caution.

16. Property in which a creditor has a security interest, such as such as the bank account with Prosperity Bank securing the Line of Credit, has long been considered property of the estate, *In re Contractors Equipment Supply Co.*, 861 F.2d 241, 244 (9th Cir.1988) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)); *Redback Networks, Inc. v. Mayan Networks Corp.* (*In re Mayan Networks Corp.*), 306 B.R. 295, 299 (9th Cir. BAP 2004)). However, because this court cannot terminate the letter of credit as it is not property of the estate, it should not disrupt the Prosperity Bank security in the bank account securing the Letter of Credit. Honoring and keeping in place a letter of credit and the cash collateral has little effect on the unsecured creditors of the Debtor's estate because any security Prosperity has in the Debtor's property was reserved for the issuer, Prosperity Bank, when the letter of credit commenced on August 18, 2014. *In re Sabratek*, 257 B.R. at 735. Therefore, from that point forward, the applicant has no right to dispose of that collateral without the permission of Prosperity Bank. *Id.*; *see also In re Leisure Dynamics*, 33 B.R. at 172–73; *Page v. First Nat'l Bank of Maryland (In re Page)*, 18 B.R. 713, 715–16 (D.D.C. 1982). Prosperity Bank’s liens on property of the debtor to secure the letter of credit arrangement were created prior to the initiation of Chapter 11 proceedings and remained valid in bankruptcy.

16. The Debtor’s Motion turns a blind eye to the contractual relationship between it and Prosperity bank in this regard. Section 363(c)(2) of the Bankruptcy Code prohibits a debtor from using cash collateral unless the secured lender consents or, after notice of hearing, the Court authorizes its use. In addition, Section 363(e) of the Bankruptcy Code provides that on a request of a secured lender the Court shall prohibit or condition such use as is necessary to provide

adequate protection to the lender. The Debtor has made no provision here for the adequate protection of Prosperity Bank in its Motion, and releasing the collateral would jeopardize the Letter of Credit Tri-party relationship under the independence principal. Thus, the Debtor's Motion should be denied.

**E. Section 105 Does Not Enlarge the Courts Powers or Jurisdiction**

17. The Debtor also relies on § 105 for support for their proposition that the Court has authority to enter an order "(a) authorizing and directing Travelers Insurance company to set off the remaining obligations against the letter of credit or collateral securing the letter of credit; and (b) Release the letter of credit and underlying collateral once such funds have been set off." *See* Debtor's Motion, "Basis for Relief" at 3, ¶¶ 9-11. Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). While § 105(a) is intended to supplement the Court's enumerated powers, as many courts have stated, its reach is not unlimited. As noted by the Third Circuit in *United States v. Pepperman*, 976 F.2d 123, 131 (3rd Cir. 1992), § 105(a) does not "create substantive rights that would otherwise be unavailable under the Bankruptcy Code." *Id.* quoting *In re Morristown& Erie R.R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989); *see also Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) (noting that the bankruptcy court's equitable powers can only be exercised within the confines of the Bankruptcy Code). Further, it has been recognized that "[b]ankruptcy judges have no more power than any others to ignore the plain language of a statute in order to reach a result more in keeping with their notions of equity." *In re Kelly*, 841 F.2d 908, 913 n.4 (9th Cir. 1988). In other words, § 105(a) "must be exercised within the parameters of the Code itself." *In*

*re Combustion Eng'g, Inc*., 391 F.3d 190, 236 (3d Cir. 2004). "The fact that a [bankruptcy] proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his [or her] personal views of justice and fairness, however enlightened those views may be." *Pepperman*, 976 F.2d 123, 131 (3d Cir. 1992) (quotations omitted, alterations in original).

18. Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain what is acknowledged to be property of the bankruptcy estate. As discussed above, the Letter of Credit is not property of the Debtor's estate and the court lacks subject matter jurisdiction to release it. Further, there is no basis for the Court to disturb the other contractual relationships that comprise the letter of credit tripod. The amounts due pursuant to the Insurance Program are disputed and unliquidated and the Debtor cannot use a turnover proceeding to circumvent its contractual obligations to Travelers. Lastly, although not properly directed to Travelers, the Debtor has made no provision for the adequate protection of Prosperity Bank should the collateral securing the line of credit be released. Consequently Debtor's Motion seeking to liquidate: 1) the letter of credit, 2) the collateral securing the letter of credit and 3) the Debtor's obligations thereunder, should be in all things DENIED.

Dated: April 18, 2018

Respectfully submitted,

SKELTON & WOODY
248 Addie Roy Road, Suite B-302
Austin, Texas 78746
Telephone: (512) 651-7000
Facsimile: (512) 651-7001

By: /s/ Alysia G. Wightman
J. Hampton Skelton
State Bar No. 18457700
hskelton@skeltonwoody.com

Alysia Wightman
State Bar No. 00785245
agwightman@skeltonwoody.com
**ATTORNEYS FOR TRAVELERS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the 18th day of April, to all parties on the Thirteenth Limited Master Service List attached hereto via the Court's CM/ECF electronic noticing system as follows:

Barbara M. Barron
Stephen W. Sather
BARRON & NEWBURGER, P.C.
7320 N. MoPac Exp., Suite 400
Austin, Texas 78731

/s/ Alysia G. Wightman
Alysia G. Wightman

**THIRTEENTH MASTER SERVICE LIST**
***(July 27, 2017)***

**United States Trustee:**

Henry G. Hobbs,
Deborah Bynum
Office of the U.S. Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701
henry.g.hobbs@usdoj.gov
deborah.a.bynum@usdoj.gov

**Debtor:**

Creed Ford, III
President/CEO
Ford Restaurant Group
1514 RR 620 South
Austin, TX 78734
cford@carinos.com

Margaret B. Smith, CPA
Director of Finance
Ford Restaurant Group
1514 RR 620 South
Austin, TX 78734
msmith@fordrestgrp.com

**Proposed Professionals for Debtor:**

Barbara M. Barron
Stephen W. Sather
Barron & Newburger, P.C.
1212 Guadalupe Street, Suite 104
Austin, TX 78701
bbarron@bn-lawyers.com
ssather@bn-lawyers.com

Kareem Hajjar
Hajjar Peters, LLP
3144 Bee Caves Rd.
Austin, TX 78746
khajjar@legalstrategy.com

**Proposed Professionals for Debtor (cont'd):**

John Vernon
The Vernon Law Group, PLLC
4925 Greenville Avenue, Suite 200
Dallas, TX 75206
jvernon@vernonlawgroup.com

Unique Strategies
c/o Dan Bensimon
5810 Tom Wooten Dr.
Austin, TX 78731
dbensimon@austin.rr.com

Eric Drews
13901 Midway Rd., Suite 102-278
Dallas, TX 75244
eric@redrews.com

**Secured Creditors:**

FRG Capital, LLC
c/o Blake Rasner
Haley & Olson, P.C.
510 N. Valley Mills Drive, Suite 600
Waco, TX 76710
brasner@haleyolson.com

Prosperity Bank
Attn: Tim Cardinal
1415 RR 620 South
Austin, TX 78734
tim.cardinal@prosperitybankusa.com

Prosperity Bank
c/o Lisa C. Fancher
Fritz, Byrne, Head & Harrison, PLLC
221 W. 6th St., Ste. 960
Austin, TX 78701-3444
lfancher@fbhh.com

**Secured Creditors (cont'd):**

Independent Bank of Waco
Attn: Charley Rigney
P.O. Box 21145
Waco, TX 76702
crigney@ibtx.com

Independent Bank of Waco
c/o Steve Turner
Barrett Daffin Frappier Turner, et al
610 West 5th Street, Suite 602
Austin, TX 78701
stevet@bdfgroup.com

Fifth Third Bank
P.O. Box 630900
Cincinnati, OH 45263-0900

**Twenty Largest Unsecured Creditors:**

Prosperity Bank
Attn: Tim Cardinal
1415 RR 620 South
Austin, TX 78734
tim.cardinal@prosperitybankusa.com

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Gordon Food Service
11303 Antoine Drive
Houston, TX 77066
Jessica.henderson1@gfs.com

Texas Comptroller of Public Accounts
c/o Jason A. Starks
Assistant Attorney General
Revenue Acct. Division-Bankruptcy
P.O. Box 13528
Austin, TX 78711-3528
jason.starks@texasattorneygeneral.gov

**Twenty Largest Unsecured Creditors (cont'd):**

ARC CAFEUSA001, LLC
c/o VEREIT, Inc.
Attn: Legal Counsel
2325 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Lisa.Peters@KutakRock.com

ARC CAFE, LLC
c/o Jeffrey T. Wegner
Kutak Rock, LLP
1650 Farnam Street
Omaha, NE 68102-2186
jeffrey.wegner@kutakrock.com

Centerra Marketplace Properties
c/o McWhinney Mgmt Co., LLC
2725 Rocky Mountain Ave., Ste. 200
Loveland, Co 80538
evank@mcwhinney.com

The Coca Cola Company
William Kay, Sr. Bankruptcy Advisor
P.O. Box 1734
NAT 2008
Atlanta, GA 30313
nesmiller@coca-cola.com
billkaye@jllconsultants.com

Freshpoint
P.O. Box 816211
Dallas, TX 75381
felicia.cobb@freshpoint.com

Leeco Energy & Investments
3501 Billy Hext Road
Midland, TX 79765
larryglee@leecoproperties.com

**Twenty Largest Unsecured Creditors (cont'd):**

Texas Workforce Commission
Attn: Regulatory Integrity Division-SAU
101 E. 15th Street, Room 556
Austin, TX 78778-0001
rid.taxbankruptcy@twc.state.tx.us

Mary Jane Lawrence
9317 Brightwood Court
Northridge, CA 91325
universalchiro@yahoo.com

Food Services of America
P.O. Box 839
Meridian, ID 83680
lee_clark@fsafood.com
boise_ar@fsafood.com

Tom & Joanne Sargis
Family Trust
55 Turnsworth Ave.
Redwood City, CA 94062
tjsargis@comcast.net

Boise Spectrum – Dunlap, LLC
16897 Algonquin St., Ste. A
Huntington Beach, CA 92649
jan@dddunlap.com

National Retail Properties
450 S. Orange Ave., Ste. 900
Orlando, FL 32801
david.byrnes@nnnreit.com

Idaho State Tax Commission
1349 E. Beechcraft Ct.
Boise, ID 83716
taxrep@tax.idaho.gov

**Twenty Largest Unsecured Creditors (cont'd):**

Base Jumper, LLC.
c/o Magic Valley Mall
1485 Pole Line Rd.
Twin Falls, ID 83301
chanie.adams@woodburycorp.com

Commercial Net Lease Realty, Inc.
450 S. Orange Ave., Ste. 900
Orlando, FL 32801
kimberlie.cranford@nnnreit.com

Hoppenstein Properties, Inc.
P.O. Box 207
Waco, TX 76703-0207
vivian@hoppenstein.com

Kansas Dept of Revenue
915 SW Harrison St.
Topeka, KS 66612-1588
tac@kdor.ks.gov

**Additional Notice:**

Sheila Pattison
Special Assistant U.S. Attorney
Internal Revenue Service
300 E. 8th Street, Suite 601
Austin, TX 78701
sheila.pattison@irscounsel.treas.gov

Bexar County
c/o Hilia Gibson
Linebarger Goggan Blair & Sampson
711 Navarro St., Ste 300
San Antonio, TX 78205

Summit Energy
Attn: Tim Ward
25716 Network Place
Chicago, IL 60673-1257
tim.ward@ems.schneider-electric.com

**Additional Notice (cont'd):**

CASS
2675 Corporate Exchange Drive
Columbus, OH 43231
estahleker@cassinfo.com

FinTech
Attn: Mandi Aiton
7702 Woodland Center Blvd., Suite 50
Tampa, FL 33614
maiton@fintech.com

**Notice of Appearance:**

Texas Ad Valorem Taxing Entities
c/o Owen M. Sonik
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
1235 North Loop West Suite 600
Houston, TX 77008
houbank@pbfcm.com

Arlington ISD
c/o Elizabeth Banda Calvo
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
500 E. Border Street, Suite 640
Arlington, TX 76010
ebcalvo@pbfcm.com

Texas Ad Valorem Taxing Entities
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson
P.O. Box 17428
Austin, TX 78760-7428
austin.bankruptcy@publicans.com

Texas Ad Valorem Taxing Entities
c/o Elizabeth Weller
Linebarger Goggan Blair & Sampson
2777 N. Stemmons Freeway Ste. 1000
Dallas, TX 75207
dallas.bankruptcy@publicans.com

**Notice of Appearance (cont'd):**

Ector CAD
c/o Don Stecker
Linebarger Goggan Blair & Sampson
711 Navarro Street, Ste. 300
San Antonio, TX 78205
sanantonio.bankruptcy@publicans.com

Lubbock CAD
c/o Laura Monroe
Perdue, Brandon, Fielder, Collins & Mott, L.L.P
P.O. Box 817
Lubbock, TX
lmonroe@pbfcm.com

Simon Property Group, Inc.
Attn: Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, IN 46204
rtucker@simon.com

Sysco
c/o Darryl S. Laddin, Esq.
Frank N. White, Esq.
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031
darryl.laddin@agg.com
frank.white@agg.com

Cypress Fairbanks ISD
c/o John Dillman
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064
houston_bankruptcy@publicans.com

RioCan America Management
c/o R. Spencer Shytles
Graham, Bright & Smith
1401 Burnham Dr.
Plano, TX 75093
rss@gbstxlaw.com

**Notice of Appearance (cont'd):**

Independent Bank
c/o Abbey Dreher
Barrett Daffin Frappier Turner & Engel, LLP
4004 Belt Line Dr.
Addison, TX 75001
WDECF@BDFGROUP.com

Missouri Department of Revenue
Bankruptcy Unit
Attention: S. Christopher Conway
PO Box 475
Jefferson City, MO 65105
txwdecf@dor.mo.gov

City of Laredo
c/o Christina Flores
Flores, Flores & Canales, PLLC
5517 McPherson, Ste. 14
Laredo, Texas 78041
ffccpllc14@gmail.com

MB San Antonio Limited Partnership
c/o James P. Sullivan
CHAPMAN AND CUTLER LLP
111 W. Monroe Street
Chicago, IL 60603
jsullivan@chapman.com

TX Comptroller of Public Accounts
c/o Kimberly A. Walsh
Assistant Attorneys General Bankruptcy & Collections Division
P.O. Box 12548
Austin, Texas 78711-2548
Kimberly.Walsh@texasattorneygeneral.gov

South Coast Plaza, LLC
c/o Joseph Martinec
Martinec, Winn & Vickers, P.C.
611 S. Congress Avenue, Suite 450
Austin, TX 78701-1771
martinec@mwvmlaw.com

**Notice of Appearance (cont'd):**

AEI Fund Management
c/o John Koneck
Fredrikson & Byron, P.A.
200 South Sixth St., Ste. 4000
Minneapolis, MN 55402-1425
jkoneck@fredlaw.com

Texas Ad Valorem Taxing Entities
c/o Lee Gordon
P.O. Box 1269
Round Rock, TX 78680
lgordon@mvbalaw.com

Travis County
c/o Kay D. Brock
Assistant Travis County Attorney
P.O. Box 1748
Austin, TX 78767
kay.brock@co.travis.tx.us

Lewisville Independent School District
c/o George C. Scherer, Esq.
Law Offices of Robert E. Luna, P.C.
4411 N. Central Expressway
Dallas, TX 75205
scherer@txschoollaw.com

National Retail Properties, LP
c/o David M. Bennett
Cassandra Sepanik Shoemaker
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
David.bennett@tklaw.com
Cassandra.shoemaker@tklaw.com

**Notice of Appearance (cont'd):**

Gordon Food Services
c/o Joseph R. Sgroi
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
jsgroi@honigman.com

Carrollton-Farmers Branch ISD
c/o Daniel K. Bearden, Jr. Esq.
Law Offices of Robert E. Luna, P.C.
4411 N. Central Expressway
Dallas, Texas 75205
bearden@txschoollaw.com

**Notice of Appearance (cont'd):**

Hurst Precinct
c/o Jake Pollack
Holmes Firm PC
14911 Quorum Drive, Suite 340
Dallas, TX 75254
Jake@theholmesfirm.com

GS II Meridian Crossroads
c/o Gilbert Saydah Jr.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
KDWBankruptcyDepartment@KelleyDrye.com
gsaydah@kelleydrye.com

**Additional Notice:**

LMR Silverlake North, Ltd.
c/o Rachel Fefer
1207 Antoine Drive
Houston, TX 77055
fefer@parrottsims.com